UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ST. LUKE #2, LLC | CIVIL ACTION |
| VERSUS | NO. 22-1723 |
| HERMES HEALTH ALLIANCE, LLC | SECTION "R" (3) |

## ORDER AND REASONS

Before the Court is plaintiff St. Luke #2, LLC's ("St. Luke") motion to remand[1] and defendant Hermes Health Alliance, LLC's ("Hermes") motion to remand.[2] The removing third-party defendants (the "Insurers") oppose the motions to remand.[3] For the following reasons, the Court grants the motions to remand.

---

[1] R. Doc. 11.
[2] R. Doc. 8.
[3] R. Doc. 16. The removing third-party defendants are the following insurers: Certain Underwriters at Lloyd's, London Subscribing to Policy No. AMR-40526-06 (erroneously named as Certain Underwriters at Lloyds, London), Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Safety Specialty Insurance Company, HDI Global Specialty SE, and Old Republic Union Insurance Company.

I.  BACKGROUND

This case arises from a landlord-tenant dispute between St. Luke and Hermes brought about by property damage following Hurricane Ida.[4] St. Luke operates a nursing facility for elderly residents located in New Orleans, Louisiana.[5] Hermes is the lessor for the property on which St. Luke operates its nursing facility, located at 4201 Woodland Drive in New Orleans.[6] Hermes and St. Luke originally entered into a seven-year lease agreement in 2009, which was extended for an additional five years in 2016.[7] In August of 2021, Hurricane Ida caused significant damage to the property, forcing the residents to evacuate the premises.[8] On November 8, 2021, St. Luke sued Hermes in the 22nd Judicial District Court for St. Tammany Parish. St. Luke alleged that Hurricane Ida rendered the property unfit for use in violation of the lease agreement, unless the lessor took certain affirmative steps to rectify the deficiency.[9] These remedial measures included notifying the tenant within 30 days that the lessor would repair the property, and following through with the repairs within 120 days.[10] In response, Hermes

---

[4]  R. Doc. 9-1 at 1.
[5]  R. Doc. 1-3 at 4 (Complaint ¶ 2).
[6]  *Id.*
[7]  *Id.* (Complaint ¶¶ 2-3).
[8]  *Id.* at 5 (Complaint ¶ 6).
[9]  *Id.* at 7 (Complaint ¶¶ 11-12).
[10] *Id.*

2

asserted several affirmative defenses and counterclaims, including a third-party demand against the Insurers for alleged denial of coverage in bad faith.[11] Hermes contends that it could not meet its contractual obligation, in part, because "the denial of Hermes' insurance claim by Hermes' Property Insurers has made that financially impossible."[12]

On June 10, 2022, the Insurers removed this case to federal court.[13] Subsequently, plaintiff and defendant each moved to remand the case to state court.[14] In their motions to remand, plaintiff and defendant contend that neither 9 U.S.C. § 205, nor 28 U.S.C. § 1441(c) authorizes third-party defendants to remove cases to federal court.[15] The Insurers oppose the motions to remand.[16]

The Court considers the parties' arguments below.

## II.   LEGAL STANDARD

Federal courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim arises federal law must be determined by referring to the "well-pleaded complaint."

---

[11]   R. Doc. 1-3 at 21-30 (Third-Party Complaint ¶¶ 35-85).
[12]   *Id.* at 31 (Third-Party Complaint ¶ 86).
[13]   R. Doc. 1.
[14]   R. Docs. 8 & 11.
[15]   R. Doc. 9-1 at 2.
[16]   R. Doc. 16.

3

*Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 8808 (1986) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). For diversity jurisdiction to exist, there must be complete diversity between plaintiffs and defendants, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

A defendant may remove a civil action filed in state court if a federal court would have original jurisdiction over the suit. 28 U.S.C. § 1441(a). On a motion to remand, the removing party bears the burden of establishing that one of the bases of jurisdiction exists and that the removal was not procedurally defective. *Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008). "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) (internal quotation marks omitted). A court "must remand a case if at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case removed from state court." *Id.* (internal quotation marks omitted).

## III. DISCUSSION

### A. Removal Under Section 205

The starting point for any jurisdictional issue is the axiom that "[f]ederal courts are court of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Thus, the Court "must presume that a suit lies outside [its] jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking [removal]." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Further, the right to removal is statutory. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005). Without a statutory basis for removal, the Court must dismiss this case for lack of jurisdiction. *Id.*

The Insurers assert that two different statutes authorize their removal of this case. The first statutory basis for removal asserted by the Insurers is 9 U.S.C. § 205, the removal provision in the implementing legislation for the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. Section 205 states that:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the **defendant or the defendants** may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal. For the purposes of Chapter 1 of this title any action or proceeding removed under this section shall be deemed to have been brought in the district court to which its removed.

9 U.S.C. § 205 (emphasis added). The parties contest whether Section 205 authorizes third-party defendants to remove a case.

The parties propose two different interpretations of the term "defendant" in Section 205. The Insurers contend that "defendant" includes both the parties sued by the original plaintiff *and* third-party defendants brought into the case by a defendant. Plaintiff and defendant assert that this Court should interpret "defendant" in the same manner that the Supreme Court did when it analyzed 28 U.S.C. § 1441(a), the general removal statute, in *Home Depot U.S.A., Inc. v. Jackson*, 139 S.Ct. 1743 (2019). Section 1441(a) states that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the **defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). The Supreme Court held that "defendant" as used in Section 1441(a) "refers only to the part[ies] sued by the original plaintiff," and not third-party defendants brought into the action by a counterclaim. *Id.* at 1746. The Court explained that this is so, in part, because "the general removal statute permits 'the defendant or the defendants' in a state-court action over which the federal courts would have original jurisdiction to remove that action to federal court." *Id.* The Court went on to explain that the determination of whether the district court would have had original jurisdiction requires courts

6

to view "the action as defined by the plaintiff's complaint." *Id.* And, "'the defendant' to that action is the defendant to that complaint, not a party named in a counterclaim." *Id.*

The Court finds that the reasoning of *Home Depot* is applicable here, and the term "defendant" in Section 205 likewise does not include third-party defendants. That *Home Depot* dealt with a different removal statute does not persuade the Court that the case is inapposite. When the language in one statute "tracks the wording of" another, this is "a strong indication that the two statutes should be interpreted [similarly]." *Northcross v. Bd. of Educ. of Memphis City Schools*, 412 U.S. 427, 428 (1973). This is especially so where the two statutes share a common purpose. *Id.* Despite the Insurers' contentions otherwise, *Home Depot* not only dealt with the same language that the Court must interpret here, but the context—defining which parties may remove a case—is also identical. Accordingly, the Court sees no reason to give the term "defendant" a different meaning than the Supreme Court did when analyzing the general removal statute in *Home Depot*.

But even before *Home Depot*, several courts in this circuit interpreted Section 205 as precluding removal by third-party defendants. *See, e.g., Kinder Morgan Louisiana Pipeline LLC v. Welspun Gujarat Stahl Rohren Ltd.*, 752 F. Supp. 2d 772, 778 (S.D. Tex. 2010) (holding that the term "defendant" as used in Section 205 "exclude[s] third-party defendants"); *Caringal v. Karteria Shipping,*

7

*Ltd.*, 108 F. Supp. 2d 651, 654 (E.D. La. 2000) (holding that under Section 205, third-party defendants "did not have any statutory authority to remove the case"); *IQ Holdings, Inc. v. Villa D'Este Condo. Owners Ass'n, Inc.*, No. 11-1770, 2011 WL 2600561, at *2 (S.D. Tex. June 29, 2011) (likewise).

The Insurers, on the other hand, do not point to a single case that analyzed the present issue and reached the conclusion they propose. Nor do they make any attempt to distinguish the cases holding that third-party defendants may not remove a case under Section 205. In fact, the only case the Insurers cite in which a court allowed removal by a third-party defendant under Section 205 is *Viator v. Dauterive Contractors, Inc.*, 638 F. Supp. 2d 641 (E.D. La. 2009). But that non-precedential case did not analyze the issue of the meaning of "defendant" in Section 205 and appeared to simply assume that third-party claims were removable if the dispute satisfied the requirements for arbitrability. Further, that case is no longer good law, if it ever was. The law on removal jurisdiction in the Fifth Circuit was different when *Viator* was decided, as explained in Section III.B, *infra*. *Viator* was decided before both the Supreme Court's *Home Depot* decision and a 2011 amendment to 28 U.S.C. 1441(c). *See* discussion, *infra*.

Most importantly, the interpretation proposed by plaintiff and defendant is the most faithful reading of Section 205. "[S]tatutory language cannot be construed in a vacuum," and it is axiomatic that "the words of a statute must be

8

read in their context and with a view to their place in the overall statutory scheme." *Davis v. Michigan Dep't of Treasury*, 489 U.S. 803, 809 (1989) (citing *United States v. Morton*, 467 U.S. 822, 828 (1984)); *see also King v. Burwell*, 576 U.S. 473, 486 (2015) (stating that the duty of courts, "after all, is 'to construe statutes, not isolated provisions.'" (quoting *Graham County Soil and Water Conservation Dist. v. United States ex rel. Wilson*, 559 U.S. 280, 290 (2010))). Here, the context makes clear that that plaintiff and defendant's proposed interpretation is the better of the two options. In the removal context, a "civil action" means "the entire case, not an individual claim." *Carey v. Bank of Am., N.A.*, 904 F. Supp. 2d 617, 620 (N.D. Tex. 2012); *see also Home Depot*, 139 S. Ct. at 1748 (emphasizing that Section 1441(a), which is similarly worded as Section 205, "refers to 'civil actions,' not 'claims'"). Accordingly, the phrase "action or proceeding" in Section 205 refers to the entire lawsuit and not individual claims such as defendant's claim against the Insurers here. But only Hermes is the "defendant" in the original state court action. The Insurers may be characterized as defendants with respect to Hermes' third-party claim, but they are not *the* "defendant or defendants" in the "action or proceeding." Because the statute tethers the term "defendant" to the "action," and not a claim, the proper reading of Section 205 is that "defendant" means only those parties sued by the original plaintiffs. The Supreme Court's construction of the analogous provisions in Section 1441(a) cements this reading as the proper

9

interpretation. *See Home Depot*, 139 S. Ct. at 1748 ("[B]ecause the action as defined by the plaintiff's complaint is the 'civil action of which the district court' must have 'original jurisdiction,' 'the defendant' to that action is the defendant to the complaint, not a [third-party defendant] named in a counterclaim.").

Comparison of Section 205 to broader removal statutes also confirms this reading of the text. In other instances, "Congress has shown the ability to clearly extend the reach of removal statutes to . . . third-party defendants." *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333 (4th Cir. 2008). For example, 28 U.S.C. § 1452(a) authorizes "[a] party" in a civil action to "remove any claim or cause of action" over which a federal court would have bankruptcy jurisdiction. Additionally, §§ 1454(a) and (b) allow "any party" to remove "[a] civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights." Likewise, "the Federal Rules of Civil Procedure differentiate between third-party defendants, counterclaim defendants, and defendants." *Home Depot*, 139 S. Ct. at 1744; *see also* Fed. R. Civ. P. 14, 12(a)(1)(A)–(B). Congress could have used language indicating that third-party defendants may remove a case under Section 205, but it chose not to. Policy considerations notwithstanding, the Court will not stretch the definition of "defendant" beyond what Congress decided. *Cf. Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) ("Due regard for the rightful independence of state

10

governments . . . requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined.").

The Insurers contend that binding precedent requires the Court to construe Section 205 broadly and resolve ambiguities in favor of removal, instead of applying the general rule that removal statutes are strictly construed in favor of remand.[17] They assert that, viewing the statute in this light, "defendant" should be understood as including third-party defendants. To be sure, the Fifth Circuit has characterized Section 205 as "one of the broadest removal provisions." *Acosta v. Master Maint. & Const. Inc.*, 452 F.3d 373, 377 (5th Cir. 2006). And, the *Acosta* court added that "the general rule of construing removal statutes strictly against removal 'cannot apply to Convention Act cases because in these instances, Congress created special removal rights to channel cases into federal court.'" *Id.* (citing *McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1207-08 (5th Cir. 1991)). But *Acosta* dealt with a different question. That case was removed by a defendant, not a third-party defendant. It focused on when an action "relates to" an arbitration agreement or award under the Convention. *Id.* Moreover, *McDermott*, which *Acosta* quoted for the proposition that Section 205 should not be strictly construed, dealt with whether the removing defendant had contractually waived its removal right. 944 F.2d 1199, 1207-08. Those cases,

---

[17] R. Doc. 11 at 3.

11

which address the kinds of disputes that may be removed under Section 205, do not address the question of *who* may remove a case pursuant to Section 205. Lastly, even construing Section 205 liberally as the Insurers ask the Court to, there are no ambiguities to resolve in favor of removal here. Accordingly, the Court finds that Section 205 does not permit removal by third-party defendants such as the Insurers.

### B.   Removal Under Section 1441(c)

Without authorization for removal in Section 205, the Insurers offer an alternate statute pursuant to which they claim removal is proper, 28 U.S.C. § 1441(c). Section 1441(c)(1) states, in relevant part:

> (1) If a **civil action** includes—
> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,
>
> > the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only **defendants** against whom a claim described in paragraph

> (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

8 U.S.C. § 1441(c) (emphasis added). The linchpin of the Insurers' position is not the current text of Section 1441(c), but a 1980 Fifth Circuit decision that construed an older version of the statute. *See Carl Heck Engineers, Inc. v. Lafourche Par. Police Jury*, 622 F.2d 133, 135 (5th Cir. 1980). In *Carl Heck*, the Fifth Circuit held that a third-party defendant could remove a case under Section 1441(c), if the third-party complaint states a "separate and independent" claim which, if sued upon alone, could have been brought properly in federal court. *Id.* at 135-37. But *Carl Heck* is no longer good law. Obviously, the Court is bound by Fifth Circuit precedent. Fifth Circuit panel decisions are binding on an issue, "absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or [the Fifth Circuit] en banc court." *Jacobs v. Nat'l Drug Intel. Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008). Nevertheless, *Carl Heck*, if not superseded by statute, has been implicitly overruled by the Supreme Court. *Cf. Fishback Nursery, Inc. v. PNC Bank, N.A.*, No. 16-3267, 2017 WL 6497802, at *4 (N.D. Tex. Dec. 19, 2017), *aff'd sub nom. Fishback Nursery, Inc. v. PNC Bank, Nat'l Ass'n*, 920 F.3d 932 (5th Cir. 2019) (stating that "the rule of orderliness requires [district courts] to follow an earlier panel opinion until it is overruled by the en banc Fifth Circuit or the Supreme Court."); *see also Avalos-Lopez v. Wolf*, No. 20-22, 2020 WL 13556671, at *5 (W.D. Tex. May 14, 2020) (holding that the court was bound

13

by an earlier Fifth Circuit panel decision "because neither the Supreme Court nor the Fifth Circuit en banc have overruled it, explicitly or implicitly.").

The erosion of *Carl Heck*'s precedential authority arguably began when Section 1441(c) was amended in 2011 to remove the language on which the court relied in reaching its conclusion that third-party defendants could remove a case under that statute. When *Carl Heck* was decided, Section 1441(c) read as follows:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

28 U.S.C. § 1441(c) (1976). The 2011 amendment that created the current version of the statute removed the "separate and independent" language that *Carl Heck* turned on, leaving courts with the current version of Section 1441(c), quoted above. *Cf. Air Liquide Mexico S. de R.L. de C.V. v. Hansa Meyer Glob. Transp. USA, LLC*, No. 15-0557, 2015 WL 4716033, at *2 (S.D. Tex. Aug. 7, 2015) ("Because the 2011 amendment deleted the 'separate and independent claim' language from § 1441(c), it is doubtful whether the exception [allowing third-party defendants to remove a case] recognized in *Heck* survives."). But whether or not *Carl Heck* survived the 2011 amendment to 1441(c), the Supreme Court's *Home Depot* decision vitiated *Carl Heck*'s precedential authority. Indeed, the Fifth Circuit has instructed that its

14

precedent may be "implicitly overruled if a subsequent Supreme Court opinion 'establishes a rule of law inconsistent with' that precedent." *Gahagan v. United States Citizenship & Immigr. Servs.*, 911 F.3d 298, 302 (5th Cir. 2018) (quoting *Gonzalez v. Thaler*, 623 F.3d 222, 226 (5th Cir. 2010)). Further, "[t]hat two [Supreme Court] decisions involve different statutes is not dispositive." *Id.* "Sometimes a Supreme Court decision involving one statute implicitly overrules [Fifth Circuit] precedent involving another statute." *Id.* That is the case here. The United States Court of Appeals for the Eleventh Circuit, which was likewise bound by *Carl Heck* because it was decided before that court split from the Fifth Circuit, recently explained in detail how *Home Depot* abrogated *Carl Heck*. *See Bowling v. U.S. Bank Nat'l Ass'n, As Tr. for C-Bass Mortg. Loan Asset-Backed Certificates, Series 2007-SP2*, 963 F.3d 1030, 1036 (11th Cir. 2020) ("Though *Home Depot* deals with § 1441(a) and not § 1441(c), its analysis necessarily demands the same conclusion with respect to § 1441(c)."); *see also* 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3730 n.4 (4th ed. 2022) ("*Home Depot*, in holding that third-party counterclaim defendants cannot remove under Section 1441(a), abrogated Fifth Circuit precedent allowing removal of claims against third-party counterclaim defendants under Section 1441(c)."); *Williamson v. Cestaro*, No. 21-2465, 2021 WL 2075727, at *3 (E.D.N.Y. May 24, 2021) (holding that "the Supreme Court's reasoning in *Home Depot* supports the conclusion that

15

third-party counterclaim defendants cannot remove actions under Section 1441(c).").

In analyzing whether the Supreme Court abrogated *Carl Heck*, the *Bowling* court held that, in light of *Home Depot*, "it is impossible to read [Section 1441] as a whole and conclude that [the term 'defendant'] in (a) and (c) has different meanings." *Id*. The *Bowling* court held that this is so because of the well-established principle that "identical words and phrases within the same statute should normally be given the same meaning." *Id*. (quoting *SEC v. Levin*, 849 F.3d 995, 1003 (11th Cir. 2017)); *see also Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 232 (2007) ("A standard principle of statutory construction provides that identical words and phrases within the same statute should normally be given the same meaning."). Accordingly, because Section 1441(a) and 1441(c) both frame removal in terms of "defendants" in "civil actions," this Court agrees with the Eleventh Circuit's conclusion that there is no basis to interpret Section 1441(c) as allowing third-party defendants to remove a civil action when 1441(a) clearly does not. *See id.* at 1039 (holding that, just as a counterclaim is irrelevant to whether the district court had "original jurisdiction" over the civil action under § 1441(a), "it is not germane to whether the district court had federal-question jurisdiction over the 'civil action' under § 1441(c)." (quoting *Home Depot*, 139 S. Ct. at 1748)). Moreover, *Bowling* also held that the structure of Section 1441 as a whole compels

the interpretation that third-party defendants may not remove a case under Section 1441(c). *Id.* at 1038-39. The *Bowling* court explained that "the most natural reading of [Section 1441] is that removal is generally authorized under (a), with (c) providing additional criteria for a certain subset of civil actions." *Id.*

The Court agrees with this characterization of Section 1441 as a whole. Section 1441(a), on its face, deals with removal "generally." The sub-sections that follow, including (b) and (c), then address removal in specific contexts such as diversity of citizenship or joinder of federal claims to state-law claims. The Insurers make no attempt to persuade the Court that the Eleventh Circuit's characterization of *Carl Heck* is incorrect, nor do they cite a single case applying *Carl Heck* after the 2011 amendment that removed the "separate and independent" language on which *Carl Heck* based its holding. Further bolstering this reading is the rule that Section 1441 must be "strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Accordingly, the Court finds that "the text of § 1441 as a whole compels the conclusion that "defendants" means the same in (c) as in (a)." *Id.* Because there is no statutory basis for removal jurisdiction, the Court grants the motions to remand this case to state court.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motions to remand. The case is remanded to the 22nd Judicial District Court for the Parish of St. Tammany.

New Orleans, Louisiana, this __8th__ day of December, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE